UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY A. LEWIS (#416274)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 13-190-JJB-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 15, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

LARRY A. LEWIS (#416274)

VERSUS                                           CIVIL ACTION

N. BURL CAIN, ET AL                              NUMBER 13-190-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Larry A. Lewis.

For the reasons which follow, the petition should be denied.

### I. Background

Petitioner was found guilty of one count second degree murder in the Eighteenth Judicial District Court for Pointe Coupee Parish, Louisiana on May 24, 2006. Petitioner was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.

Petitioner appealed his conviction and sentence asserting a single assignment of error.

1.  The trial court erred when it failed to include in its jury instructions a special jury charge on identification regarding the capacity of an eyewitness to make a reliable observation.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction and sentence in *State of Louisiana v. Larry*

*Lewis, Jr.,* 2006-2423 (La. App. 1st Cir. 6/8/07), 958 So.2d 1217 (Table).

Petitioner sought review by the Louisiana Supreme Court, which denied review on May 30, 2008. *State ex rel. Larry Lewis v. State of Louisiana*, 2007-1662 (La. 5/30/08), 983 So.2d 888.

Petitioner signed his application for post-conviction relief ("PCRA") on December 16, 2008, and it was filed on December 18, 2008. Petitioner asserted the following ground for relief.

1. The trial court exceeded its jurisdiction in proceeding to trial on the charge of second degree murder because the grand jury indictment was not endorsed "A True Bill" as required by LSA-La.C.Cr.P. art. 383.

On April 23, 2010, the petitioner filed a Motion to Supplement Application for Post-Conviction Relief. Petitioner asserted the following additional grounds for relief.

2. He was denied effective assistance of counsel at trial when trial counsel failed to file a motion to quash pursuant to LSA-C.Cr.P. art. 533(5).

3. He was denied effective assistance of counsel on appeal when appellate counsel failed to assert an ineffective assistance of trial counsel assignment of error on appeal.

On January 4, 2011, the petitioner, through counsel, filed a Post-Conviction Relief Application, Petitioner's Second Supplemental Memorandum. Petitioner asserted the following additional grounds for relief.

4. There was insufficient evidence to support the petitioner's second degree murder conviction.

2

5.  He was denied effective assistance of trial counsel when counsel:

    a.  failed to file a Motion to Quash the defective indictment pursuant to LSA-C.Cr.P. art. 533(5); and
    b.  failed to introduce exonerating DNA evidence at trial.

6.  The trial court was without jurisdiction to proceed to trial without a proper indictment.

An evidentiary hearing on the PCRA was held on October 12, 2011. Following the evidentiary hearing, the trial court denied the PCRA.

Petitioner sought review in the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal denied review on the showing made in part and the writ was denied in part. *State of Louisiana v. Larry A. Lewis, Jr.*, 2011-2124 (La. App. 1st Cir. 1/27/12). Specifically, the appellate court held that the petitioner's insufficiency of evidence claim and his ineffective assistance of counsel claim on the grounds that counsel did not argue or submit DNA evidence at the petitioner's trial was denied on the showing made. The appellate court held that it could not adequately review the trial court's ruling because the petitioner failed to include a copy of the trial transcript and the transcript of the hearing on the post-conviction relief application. Petitioner was given until March 1, 2012 to file a new application and was directed to include the entire contents of the application, the missing items noted and a copy of the ruling. In all other respects, the writ was denied. Petitioner failed to file a new

application prior to March 1, 2012.

On June 20, 2012, the petitioner once again sought review in the Louisiana First Circuit Court of Appeal.[1]  On September 12, 2012, the Louisiana First Circuit Court of Appeal denied review. *State of Louisiana v. Larry A. Lewis, Jr.*, 2012-1078 (La. App. 1st Cir. 9/12/12).

Petitioner sought review by the Louisiana Supreme Court[2], which denied review on February 8, 2013.  *State ex rel. Larry Lewis, Jr. v. State of Louisiana*, 2012-2092 (La. 2/8/13), 108 So.3d 81.

Petitioner signed his federal habeas corpus petition on March 21, 2013, and it was filed on March 22, 2013.  Petitioner asserted the followings grounds for relief:[3]

> Ground One:[4]    The trial court lacked jurisdiction to proceed to trial without a proper indictment.

---

[1] Record document number 14, Supplement to State Court Record, Vol. 1.

[2] *Id*. at Vol. 2.

[3] The grounds for relief identified in the petition differ from the grounds for relief identified and briefed in the Writ of Habeas Corpus / Application With Memorandum in Support Pursuant to 28 U.S.C. § 2254 (hereafter, "supporting memorandum").  Record document number 1-1, pp. 4-17.  Although the petitioner identified ineffective assistance of appellate counsel as a ground for relief in his supporting memorandum, he did not brief the claim.

[4] This is Ground One in the petition and is addressed in the Waiver of Error of Indictment in Violation of Constitutional Right to Due Process (sic) section of the supporting memorandum.  Record document number 1-1, p. 15.

Ground Two:[5]    He was denied effective assistance of trial counsel when counsel:

        a.   failed to file a Motion to Quash the defective indictment as required by LSA-C.Cr.P. art. 533(5); and

        b.   failed to introduce exonerating DNA evidence at trial.

Ground Three:[6]    There was insufficient evidence to support his second degree murder conviction.

Ground Four:[7]    He was denied effective assistance of appellate counsel when appellate counsel failed to raise a defective indictment claim as an assignment of error.

No evidentiary hearing is required.

## II. Applicable Law and Analysis

### A. Standard of Review

Section 2254(d) provides as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[5] This is Ground Two and part of Ground Three in the petition and Claim Number Two in the supporting memorandum. Record document number 1-1, p. 11.

[6] This is Claim Number One in the supporting memorandum. Record document number 1-1, p. 5.

[7] This is part of Ground Three in the petition and part of Claim Number Two in the supporting memorandum. Record document number 1-1, p. 11.

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a

purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id*.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, ____ U.S. ____, ____, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011). Review under § 2254(d)(1) focuses on what a state court knew and did. *Cullen v. Pinholster*, 131 S.Ct. at 1399. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome the limitation of § 2254(d)(1) based on the record that was before that state court." *Id.*, at 1400. State court decisions are measured against the Supreme Court's precedents as of "the time the state court renders its decisions." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166 (2003). *Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal-court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d). *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).

To determine whether a particular decision is "contrary to"

then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495, 1519 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413, 120 S.Ct. at 1523.

### B. Exhaustion

Respondent argued that the petitioner's insufficient evidence claim (Ground One) and his ineffective assistance of counsel claim regarding the failure to introduce DNA evidence (Ground Three (b)) are unexhausted because the claims were not fairly presented to the Louisiana First Circuit Court of Appeal in the petitioner's application for supervisory review from the denial of his PCRA. Specifically, the respondent argued that because the petitioner did not file copies of the trial and post-conviction hearing transcripts in support of his application for supervisory review in the Louisiana First Circuit Court of Appeal, these claims were not "fairly presented," rendering the claims unexhausted and procedurally barred. The gist of the respondent's argument is that the petitioner has presented material additional evidentiary

support to the federal court that was not presented to the state appellate court, i.e., the trial and PCRA hearing transcripts.

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). For a claim to have been fairly presented, the state court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887 (1995) (per curiam). Vague or fleeting references to principles of constitutional law are not enough, *see Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001), nor will the fact that the petitioner made a "somewhat similar state-law claim" suffice, *see Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276 (1982).

"A habeas petitioner fails to exhaust state remedies 'when he presents material additional evidentiary support to the federal court that was not presented to the state court.'" *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003), *cert. denied*, 543 U.S. 835, 125 S.Ct. 250 (2004) (quoting *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996)). However, "[e]vidence is not material for exhaustion purposes if it *supplements*, but does not *fundamentally alter*, the claim presented to the state courts." (internal quotations and citation omitted, emphasis in original).

Petitioner asserted his insufficient evidence and ineffective

assistance of counsel claims on federal constitutional grounds in his Post Conviction Relief Application, Petitioner's Second Supplemental Memorandum, filed by counsel on January 4, 2011.[8]

Both claims were "fairly presented" to the state courts for the purpose of exhaustion. Neither claim is "significantly different and stronger" than that presented to the state courts. Neither claim is procedurally defaulted just because the appellate court did not consider the trial and PCRA transcripts on review.

Nor does the Supreme Court decision in *Cullen v. Pinholster*, 131 S.Ct. at 1399, inherently limit this court's review to evidence that the state appellate court — as opposed to the state trial court — considered. *Higgins v. Cain*, 720 F.3d 255, 263 (5th Cir. 2013)(holding that *Pinholster* does not preclude federal court's consideration of evidence to the extent that "it merely reconstruct[s] facts [known] to the state trial court").

### C. Ground One: Defective Indictment

In Ground One the petitioner argued that the trial court exceeded its jurisdiction in proceeding to trial on the charge of second degree murder because the grand jury indictment was not endorsed "A True Bill," as required by LSA-La.C.Cr.P. art. 383.

A federal habeas court may grant relief when the petitioner is held in custody pursuant to a judgment of a state court only on the

---

[8] State Court Record, Vol. 3.

ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. *Cook v. Morrill*, 783 F.2d 593 (5th Cir. 1986).

Insofar as the foundation of the petitioner's habeas application rests on the proper interpretation and application of state jurisprudence and procedural rules, this is an issue not within the scope of federal habeas corpus.

The standard for determining the sufficiency of an indictment is based upon practical, not technical considerations. *United States v. Chaney*, 964 F.2d 437, 446 (5th Cir. 1992). The test involves minimal constitutional standards, not whether a better indictment could have been written. *Id.* The essential elements of the offense, including knowledge or intent, must be included in the indictment but need not be expressed in any specific terms. *United States v. Arteaga-Limones*, 529 F.2d 1183 (5th Cir.), cert. denied, 429 U.S. 920, 97 S.Ct. 315 (1976). The "plain and sensible meaning of the language used" may give the defendant notice sufficient to meet the requirements of the Sixth Amendment. *United States v. Haas*, 583 F.2d 216 (5th Cir. 1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1788 (1979). The fact that an indictment is insufficient under state penal code statutes does not necessarily affect the federal constitutional determination as to whether the indictment

gives a defendant notice of the charge against him. *United States v. Webb*, 747 F.2d 278 (5th Cir. 1984), cert. denied, 469 U.S. 1226, 105 S.Ct. 1222 (1985).

The grand jury indictment provided the following:

> The GRAND JURY OF THE STATE OF LOUISIANA, duly empaneled, sworn and charged in and for the body of the Parish of Pointe Coupee, in the name and by the authority of said state upon their oath, PRESENT: that one Larry Lewis, Jr. with force and arms, in the Parish of Pointe Coupee aforesaid and within the jurisdiction of the Eighteenth Judicial Court in and for the Parish of Pointe Coupee, did

> COUNT 1: commit second degree murder by killing Darrell Victorian on or about the 1st day of August, 2004, with the specific intent to kill or inflict great bodily harm in violation of R.S. 14:30.1....

The indictment was constitutionally adequate to give notice of the charges. Petitioner's defective indictment claim is without merit.

### D. Ground Two: Ineffective Assistance of Trial Counsel

In Ground Two the petitioner argued that he was denied effective assistance of trial counsel.

Section 2254(d) applies to the petitioner's ineffective assistance of counsel claims because those claims were adjudicated on the merits in state-court proceedings.[9] Section 2254(d) applies even where, as in the petitioner's case, there was a summary

---

[9] *State of Louisiana v. Larry A. Lewis, Jr.*, 2012-1078 (La. App. 1st Cir. 9/12/12); *State ex rel. Larry Lewis, Jr. v. State of Louisiana*, 2012-2092 (La. 2/8/13), 108 So.3d 81.

denial. *Cullen v. Pinholster*, 131 S.Ct. at 1402. In these circumstances, the petitioner can satisfy the "unreasonable application" prong of § 2254(d)(1) only by showing that "there was no reasonable basis" for the Louisiana Supreme Court's decision.

Petitioner did not specifically argue that the state court's determination of his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, namely *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983). "A reasonable probability is a probability sufficient to undermine confidence in the outcome,"

*Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; that probability requires a "substantial," not just "conceivable," likelihood of a different result, *Harrington v. Richter*, 562 U.S. 86,____, 131 S.Ct. 770, 792 (2011).

Habeas review of an ineffective assistance of counsel claim is "doubly deferential," *Knowles v. Mirzayance*, 556 U.S. 111, 112, 129 S.Ct. 1411 (2009), requiring a "highly deferential" look at counsel's performance, *Strickland, supra*, at 689, 104 S.Ct. at 2065, through § 2254(d)'s "deferential lens," *Mirzayance, supra*, at 121, n. 2, 1419 n. 2.

### 1. Failure to File Motion to Quash Defective Indictment

In the first component of his ineffective assistance of counsel claim the petitioner argued that counsel was ineffective when he failed to file a motion to quash the indictment. Petitioner argued that the grand jury indictment was defective because it was not endorsed "A True Bill."

La.C.Cr.P. art. 382(A) provides in part that a prosecution of an offense punishable by death or imprisonment shall be instituted by grand jury indictment. Second degree murder is punishable by life imprisonment. LSA-R.S. 14:30.1(B). Therefore, the petitioner's prosecution for second degree murder should have been instituted by a grand jury indictment. Furthermore, the indictment must be endorsed "a true bill," signed by the foreman, and returned

into the district court in open court.  La.C.Cr.P. art. 383.

Although it appears that only the front side of the indictment was filed in the record[10], and it did not display the proper endorsement[11], an extract of the minutes of the trial court indicate that on October 27, 2004, the indictment of the petitioner for second degree murder was returned in open court after the grand jury investigated one case and found one true bill.[12]

A court may presume that an event happened if it was contained in a minute entry.  *State v. Harvey*, 159 La. 674, 106 So. 28 (1925); *see also State v. Williams*, 35,911 p. 13 (La.App. 2 Cir. 9/18/02), 828 So.2d 180, 188-189 (rejecting a similar claim because the minutes and the transcript indicated that the indictment was returned in open court); *State v. Jones*, 517-255, (La.App. 4 Cir. 6/11/14), 144 So.3d 120 (trial court erred in quashing the indictment where State presented a certified minute entry that showed the indictment was returned in open court).  Even assuming that counsel was deficient for failing to file a motion to quash, the petitioner failed to establish that he was prejudiced as a result of counsel's failure to file a motion to quash.  The extract of the minutes contained in the state court record showed that the indictment was returned in open court and that the grand jury found

---

[10] State Court Record, Vol. 1, p. 11.

[11] *Id.*

[12] *Id.* at 1.

15

a true bill.   This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

## 2. Failure to Introduce DNA Evidence

In the second component of his ineffective assistance of counsel claim the petitioner argued that counsel was ineffective when he failed to introduce DNA evidence which would have exonerated him.  Specifically, the petitioner argued that counsel failed to introduce into evidence a Louisiana State Police Crime Lab Report of the DNA analysis on the fingernail clippings of the shooting victim, Darrell Victorian.  According to the petitioner, the findings excluded the petitioner's DNA.

On October 12, 2011, an evidentiary hearing was held on the petitioner's PCRA.  At the evidentiary hearing it was established that during the autopsy of the victim fingernail clippings were obtained and underwent DNA analysis at the State Police Crime Lab.[13] Although the report was apparently not introduced into evidence and no one from the State Police Crime Lab testified at the evidentiary hearing, it was undisputed that the findings showed that the petitioner's DNA was not present.[14]

Dr. Alfredo Suarez testified that Victorian died as a result

_____

[13] State Court Record, Vol. 3, PCRA Evidentiary Hearing Transcript, pp. 2-4.

[14] *Id*. at 5-7.

of a gunshot to the back.[15] Dr. Suarez testified that Victorian was shot while running away from his assailant[16] and that it was a distant shot.[17] No witness testified that the victim scratched or had any contact with the shooter.

Petitioner has presented no basis upon which to conclude that counsel's representation was deficient for failure to introduce the DNA analysis report. Moreover, there is no basis upon which to conclude that there is a reasonable probability that, but for any of the enumerated errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Petitioner's ineffective assistance of trial counsel claim has no merit.

### E. Ground Three: Insufficient Evidence

In Ground Three the petitioner argued that there was insufficient evidence to support his second degree murder conviction.

The standard for gauging the sufficiency of the evidence to support a conviction is well established. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

---

[15] State Court Record, Vol. 2, pp. 781-785.

[16] *Id.* at 783.

[17] *Id.* at 785.

essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (emphasis in original). Even if state law would impose a more demanding standard of proof, only the *Jackson* standard must be satisfied to maintain the constitutionality of a conviction. *Gilley v. Collins*, 968 F.2d 465 (5th Cir. 1992); *Schrader v. Whitley*, 904 F. 2d 282, 284 (5th Cir.), *cert. denied*, 498 U.S. 903, 111 S.Ct. 265 (1990). The evidence may be found sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence. *Gilley*, *supra*; *Gibson v. Collins*, 497 F.2d 780, 783 (5th Cir. 1991). The *Jackson* standard applies to both bench and jury trials. *Jackson*, 433 U.S. at 309, 311 and n. 3, 317 n. 8, 99 S.Ct. at 2783, 2785 and n. 3, 2788 and n. 8.

The substantive elements which the state must prove in order to convict a defendant are determined by state law. At the time of the petitioner's offense, second degree murder included "the killing of a human being when the offender has the specific intent to kill or inflict great bodily harm." LSA-R.S. 14:30.1A(1).

A review of the trial transcript from the second trial shows that a fair and accurate summary of the evidence was provided by the Louisiana First Circuit Court of Appeal in its opinion. *Lewis,* at 2-3.

Lakeisha Munson testified that on August 1, 2004, she was

employed as a cashier at LA Express, a convenience store located in New Roads, Louisiana.[18] Munson testified that she dated the petitioner for approximately one year and that the relationship ended in 2002.[19] Munson testified that on August 1, 2004, she was at work at LA Express and spoke with the petitioner at the store between 5:30 p.m. and 6:00 p.m.[20] Munson identified the petitioner as the person depicted in a surveillance camera photograph getting into a blue car at LA Express.[21] Munson testified that the petitioner was with three people she did not know.[22]

Stephanie Chaney testified that on August 1, 2004, she was in the yard at the home of Kay Carter[23] when she observed the victim and his companion in a car in a yard across the street.[24] Chaney testified that a moment later she observed a small blue car with tinted windows and then heard three bangs which she thought were firecrackers.[25] Chaney testified that Carter said, "They're

---

[18] State Court Record, Vol. 2, p. 681. Because the trial transcript pagination is not sequential over the multiple days of trial, the appellate court page numbering is used when referencing pages of the trial transcript.

[19] *Id.* at 682.

[20] *Id.* at 683, 684, 687.

[21] *Id.* at 685.

[22] *Id.* at 685, 687.

[23] Other witnesses referred to her as Katy Carter.

[24] State Court Record, Vol. 2, pp. 690-691.

[25] *Id.* at 691, 692.

shooting," and they gathered the children and went inside the house.[26] Chaney testified that she did not see who was shooting.[27] Chaney testified that on the day of the incident Krystal Carter stated that she saw the shooting.[28]

Donald Ray Cato testified that on August 1, 2004, he was on the side of the road changing the oil in his vehicle when he observed the victim, "Coconut" Victorian, driving a gold car with a blue Neon closely trailing the car driven by Victorian.[29] Cato testified that he resumed his work and then suddenly he heard gunshots; a large gunshot then a smaller gunshot.[30] Cato testified that after he heard the gunshots he observed the blue car come down the street and leave the area.[31]

Krystal Carter testified that on August 1, 2004, she was at the home of her sister, Kay Carter, in New Roads.[32] Krystal Carter testified that while sitting in the backyard she observed the victim, Darryl "Coconut" Victorian, drive down Olinde street, strike a neighbor's porch, and then drive down a lane leading to

---

[26] *Id.* at 691.

[27] *Id.* at 694.

[28] *Id.* at 695; 697.

[29] *Id.* at 700-701.

[30] *Id.* at 701.

[31] *Id.* at 702.

[32] *Id.* 714.

his home with a blue car following him down the lane.[33]

Carter testified that she knew the petitioner, who was her friend's cousin.[34] Carter testified that she observed Victorian jump out of his car and run towards his home.[35] Carter testified that the petitioner, known as Mooney-Moo, jumped out of the blue car, ran behind the victim, and shot in the air.[36] Carter testified that the petitioner turned and looked directly at her.[37] Carter testified that the petitioner continued running towards Victorian who fell to the ground.[38] Carter testified that the petitioner stood over Victorian and shot him.[39] Carter testified that the petitioner and others kicked the victim and then left.[40]

Anthony James Jackson testified that on August 1, 2004, he was laying on a couch on his screened porch on Fir Street, when he saw Victorian's car approach and a blue car was behind it.[41] Jackson testified that the car went down the street and then he heard

---

[33] *Id.* at 715.

[34] *Id.* at 716.

[35] *Id.* at 715.

[36] *Id.* at 716.

[37] *Id.* at 721.

[38] *Id.* at 716.

[39] *Id.*

[40] *Id.* at 718.

[41] *Id.* at 740-741.

several gun shots.[42]   Jackson testified that he went inside a
doorway into his home.[43]   Jackson testified that Victorian's car
went into a ditch and he saw the petitioner aim a gun at
Victorian.[44]   Jackson testified that he ducked and then heard
several shots.[45]   Jackson testified that when he looked up he saw
the petitioner on the other side of the ditch and that when he
moved to another window he saw the car moving out.[46]   Jackson
testified that the petitioner shot Victorian.[47]  Jackson testified
that prior to the murder the petitioner had come to his home
several times to see Victorian, who was a tenant at the house.[48]

A review of all of the trial testimony clearly showed that
there was more than sufficient evidence to prove that the
petitioner was guilty of the crime of second degree murder beyond
a reasonable doubt.  Petitioner's insufficient evidence claim has
no merit.

---

[42] *Id.* at 741.

[43] *Id.*

[44] *Id.* at 741-742.

[45] *Id.* at 742.

[46] *Id.*

[47] *Id.*

[48] *Id.* at 744-745.

**F. Ground Four: Ineffective Assistance of Appellate Counsel**

In Ground Four the petitioner argued that he was denied effective assistance of counsel on appeal. Specifically, the petitioner argued that appellate counsel was ineffective when he failed to argue on appeal that the petitioner received ineffective assistance of trial counsel. Specifically, the petitioner argued that appellate counsel was ineffective when he failed to urge as an assignment of error that trial counsel was ineffective for failure to file a motion to quash the indictment.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 393-94, 105 S.Ct. 830, 834-35 (1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). However, appellate counsel is not deficient for not raising every non-frivolous issue on appeal. *U.S. v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004). The failure to brief what ultimately is a meritless issue does not constitute ineffective assistance of counsel. *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981). Where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial. *Reinhart*, *supra*. Counsel's failure to raise an issue on appeal will be considered deficient performance only when that decision falls below an objective standard of reasonableness. *Id*. This standard requires

counsel to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. *Id.* To show prejudice, the petitioner must show a reasonable probability that, but for his appellate counsel's error, the outcome of his appeal would have been different. *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997).

As explained above, the indictment was not constitutionally defective. Petitioner failed to demonstrate that appellate counsel's performance was deficient or that he was prejudiced. Petitioner's ineffective assistance of appellate counsel claim has no merit.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Larry A. Lewis be denied.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, October 15, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE